Robert S. Coldren, Esq., Bar No. 81710
Mark D. Alpert, Esq., Bar No. 138152
HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 Sandpointe, Fourth Floor
Santa Ana, California 92707
Telephone: (714) 432-8700
Facsimile:  (714) 546-7457

Attorneys for Plaintiff,
EL DORADO ESTATES, a California Limited Partnership

FILED
2011 SEP 14  AM 10: 42
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL DORADO ESTATES, a California Limited Partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF FILLMORE, a California Municipal Corporation and DOES 1-30<br><br>    Defendants. | Case No.  **CV11-07562 SJO (RZx)**<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL FAIR HOUSING AMENDMENTS ACT OF 1988, DECLARATORY JUDGMENT, PERMANENT INJUNCTIVE RELIEF, DAMAGES AND PENALTIES, ATTORNEYS FEES AND COSTS**<br><br>**REQUEST FOR JURY TRIAL** |

25383.373/4814-7343-9242v.1

## Nature Of The Complaint

1. This is an action for declaratory judgment, permanent injunctive relief, damages, civil penalties and fines, costs, and attorneys' fees, based on a continuing intentional pattern of familial discriminatory conduct. This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19, and 42 U.S.C. § 3631.

## Jurisdiction And Venue

2. Jurisdiction is conferred on this Court by 42 U.S.C. § 3613(a), 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 2201.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) because the claims arose in the Fillmore, California and the defendant conducts business in Fillmore California, in Ventura County.

## Parties

4. Plaintiff El Dorado Estates ("El Dorado") is a California limited partnership that owns land upon which tenant-owned manufactured homes are placed. El Dorado is licensed to do business in the State of California and to operate as a mobilehome community. El Dorado owns in fee simple and operates the El Dorado Mobile Estates Mobile Home Park ("the Park") located at 250 E. Telegraph Road, Fillmore, CA.

5. Defendant City Fillmore ("City") is a California municipal corporation located in Ventura County, California. The City derives its corporate powers from the California Legislature pursuant to Article XI, Section 2 of the State Constitution. At all times relevant hereto, City acted with the consent of, and under the control or supervision of elected officials and employees.

6. El Dorado is informed and believes, and thereon alleges, that each of the Defendants named herein as Does 1 through 30, inclusive, were and are in some manner responsible for the acts, omissions and actions as hereafter alleged and are, therefore, jointly and severally liable for and all damages or harm caused to El Dorado. El Dorado is informed and believes that Does 1 through 30, or some of them,

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

1  participated with, encouraged or conspired to undertake the actions which are the
2  subject of this lawsuit.

3      7.    El Dorado is informed and believes, and thereon alleges, that at all times
4  herein mentioned the Defendants, and each of them, including the fictitiously named
5  Defendants, were the agents, employees or officers of each of the remaining
6  Defendants, and, in doing the things hereafter alleged, were acting within the scope,
7  course and purpose said agency or employment, and were acting within the apparent
8  scope of said agency, employment and position and acted with the permission and
9  consent of each of the remaining defendants.

### Background

11      8.    El Dorado owns and operates a 302 space senior mobilehome park
12  known as El Dorado Estates Mobile Home Park ("Park") located in Defendant City of
13  Fillmore. The City has a total population of approximately 15,000 people. As a
14  result, the Park represents a substantial block of senior voters, perhaps the largest
15  block of votes in the City.

16      9.    In or about January 2008, the City began considering adoption of a
17  mobile home rent control ordinance at the insistence of a vocal group of residents in
18  the Park. In 2008, the Park owner publicly discussed one response to the adoption of
19  rent control might be changing the park from a senior park to an "all age" park. El
20  Dorado has the right to make such a change under the California Mobilehome
21  Residency Act (California Civil Code § 798 et seq) by a rule change, without the
22  permission of the City or the residents of the Park. (Id § 798.25)

23      10.    El Dorado determined that the prudent course to take was to subdivide
24  the Park to allow an "exit strategy" from operating the business of a rental mobile
25  home park. A subdivision would allow El Dorado to divide the single lot into
26  separate lots to be sold to residents.

27      11.    California Government Code Section 66427.5 governs the processing of
28  subdivision conversions for mobile home parks in California. It creates a ministerial

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

25383.373/4814-7343-9242v.1

2
COMPLAINT

role for local governments, specifying that local governments consideration such conversions may only consider whether the park owner has complied with Gov't Code § 66427.5 in considering an application for conversion. (See *Sequoia Park Associates v. County of Sonoma*, 176 Cal.App.4th 1270 (Cal.App.1st Dist. 2009)).

12. In March 2009, El Dorado submitted a vesting tentative map application which provided the City all of the information necessary to process the map and conversion pursuant to the requirements and limitations of Government Code § 66427.5. However, rather than complying with state law, the City deemed the application incomplete in a letter of April 1, 2009. Beginning with a letter of April 1, 2009, City planning staff made a series of evolving demands it claimed were necessary to "complete" the application. These demands disregarded the limitations of Government Code § 66427.5, misapplied other state laws and the City's own municipal code and the Permit Streamlining Act (Gov't C § 65940).

13. The residents of the Park were advised of the potential subdivision. In fact, El Dorado was required to participate in a survey of resident support prior to submitting the Application. Many residents in the Park opposed subdivision because they feared it would lead the Park being converted from a senior park to an all age park. El Dorado is informed and believes that this concern was regularly expressed to Defendant through its elected and appointed officials and attorneys.

14. El Dorado is informed and believes that City was processing the Application in this fashion as part of a concerted effort to deny El Dorado its legal right to subdivide and convert the Park to resident ownership in large part because of the concern that the Park would thereafter be converted to all age and that City Staff was and is receiving direction from the City Council and Planning Commission instructing staff regarding how to process the application in a manner inconsistent with state law and, in fact, one or more City Council members has publicly stated support for the manner in which City staff is processing the Application. In short, the City acted to prevent a legal and valid subdivision application from coming to hearing

and after being forced to hold a hearing, imposed conditions and processed the application with the purpose of preventing the subdivision from occurring.

15.   The City's processing of the subdivision application involved repeated efforts to delay, increase the cost, and ultimately, prevent the subdivision. El Dorado initially attempted to address the City's demands in processing, but the City disregarded the limitations of California Government Code 66427.5, seeking to impose dozens of requirements on "completing" the application that would have cost hundreds of thousands of dollars and years to complete, simply to get the application "complete" for hearing. El Dorado was required to file a lawsuit in Ventura Superior Court, Case No. 56-20009-00358555-CU-WM-VTA ("State Action").

16.   The State Action initially resulted in a July 9, 2010 Order (the "July 2010 Order"), that (1) the City could only determine El Dorado's application completeness with reference to Government Code section 66427.5. The Court upheld only two technical requirements of the City, resulting in the application being deemed complete shortly thereafter. On September 30, 2010, the City's Community Development Director Kevin McSweeney determined that the subdivision was exempt from CEQA review as an "existing facility," a categorical exemption under section 15301 of the CEQA Guidelines.

17.   On December 14, 2010, the City Council approved El Dorado's Application, but despite the Court's order, sought to impose flood mitigation requirements as a condition of the project, based on City Municipal Code requirements. The City also included a condition which required the City to conduct an initial study under CEQA, even though the City had already determined the application was exempt from CEQA and the application was approved. After the public hearing was completed, the City allowed for the administrative record to be augmented weeks after the fact, in order to gather evidence to support the decision that was not part of the original hearing process.

18.   Prior, during and after the Planning Commission and City Council

hearings, City officials and residents both publicly and privately expressed their concerns that El Dorado intended to convert the park to all age if the subdivision was approved.

19. El Dorado is informed in believes and on that basis alleges, that the City determined it would take whatever steps it believed it could legally take to delay, impede or deny the subdivision conversion in order to prevent the Park from becoming an "all age" property because of the vocal opposition of existing residents to living in a community that was not limited to seniors. Defendants revealed their intention to support this discriminatory purpose repeatedly in what they apparently believed were private communications. For example, in an email of February 8, 2011, City Attorney Schneider advised one of the activists in the Park "Although, if we are successful in Court, and the owner has to comply with CEQA before switching to an all-age park, then she may elect not to do so." In an email of July 8, 2011, City Council Member Conaway stated to the same resident activist:

> Seriously, who really cares if they "condo" convert the park? It's really about the age restriction.

20. In June, 2011, after the City adopted a resolution improperly imposing flood mitigation requirements that were inconsistent with the Court's prior order and containing CEQA conditions, El Dorado sought to engage with the City in settlement discussions, proposing that the City agree to approve the subdivision application with no conditions that are not allowed by Government Code § 66427.5. In response, the City repeatedly sought an agreement from the Park owner to not change the Park to all age. El Dorado is informed and believes the City had no genuine concern over environmental impacts of a park rule change which it could not legally regulate, but rather was catering to the demands of the residents who did not want to live in an all age property. In discussing the settlement proposal, City attorney Charmaine Beuhner stated in an email of June 13, 2011:

> As has been repeatedly stated at Council meetings, the park

residents are very interested in reassurance from El Dorado that the Park will remain a senior community. I would appreciate receiving this information prior to next Tuesday.

21. The City subsequently indicated through its attorneys it would accept the settlement if El Dorado would agree to maintain the park as all age, even after being apprized of El Dorado's position that it was engaging in discriminatory behavior. The City couched its concerns as being based on the residents concerns over environmental issues, but that claim simply was not true. As indicted by Mr. Schneider's email, the environmental concerns and assertion of CEQA were simply a tool designed to prevent the Park from subdividing because the residents believed it would lead to the Park becoming all age. Some senior residents of the Park simply did not want to live in a park with young people and children. The City acted and has continued to act to further that purpose. As Mr. Schneider represented to the residents in an email of February 25, 2011:

> Thanks for recognizing that we really do have your best interest at heart and are fighting for what is right for the residents. You deserve better than the manner in which you've been treated by the owner.

22. In other words, the Defendant has no real concern over the potential environmental impacts of a change it the park's status from senior to all age. The City simply wants to serve the desire of the residents to prevent the Park from becoming open to all ages. As a result, the actions of Defendants have led to years of delay in processing and approval of the subdivision application and added tens of thousands of costs to the processing of the application, all resulting from an effort to prevent the Park from becoming all age. The wrongdoing is ongoing, as the State Court is in the process of issuing a writ of mandamus requiring the City to reconsider the application based on the City's prior violation of state law.

### The Federal Fair Housing Act

23. The Fair Housing Act (Title VIII of the Civil Rights Act of 1968, as amended in 1988, 42 U.S.C. 3601-3619) ("the Act") expressly prohibits

discrimination in the rental or sale of housing to families with children but exempts "housing for older persons" from the Act's prohibitions against discrimination because of familial status. Section 807(b)(2)(C) of the Act exempts housing intended and operated for occupancy by persons 55 years of age or older which satisfies certain criteria. The original criteria included that at least 80 percent of the occupied units are occupied by at least one person who is 55 years of age or older and the housing provider intends to operate the property as housing for older persons along with other criteria.

24. Under the Act, it is unlawful:

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

(c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination. . . .

(42 U.S.C. § 3604)

25. Under § 3617, it is unlawful to " . . . coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected" by sections 3603, 3604, 3605, or 3606 of the Act.

26. The City its elected officials, and employees are all subject to the Fair Housing Act of 1968, 42 U.S.C. §§ 3601-19, and 42.U.S.C. § 3631.

25383.373/4814-7343-9242v.1

## FIRST CLAIM FOR RELIEF

### (Against all Defendants for Violation of the Fair Housing Act) (42 U.S.C. § 3604(a) and § 3604(b) (Fair Housing Act: Disparate 13 Treatment)

27. Paragraphs 1 through 26 are re-alleged and incorporated herein by reference.

28. As alleged above, Defendants acted with the intent of coercing, interfering with and preventing El Dorado from potentially making housing available for families at the behest of senior residents of the Park who want the Park to remain as senior housing. The City's actions in making unreasonable and illegal demands in processing the application, imposing illegal and prohibitively costly conditions, seeking to impose environmental review and offering to approve the application if El Dorado would irrevocably commit to keeping the Park a senior park, were all

29. City's claim that it is genuinely concerned with the environmental impacts of a private decision to change the Park to all age (which is not governed by CEQA) is a pretext, intended only to serve the purposes of preventing the Park from ever becoming all age. The City's processing of the subdivision application and imposition of conditions on El Dorado, as alleged herein, was undertaken with the intent of preventing families with children from living in the Park. As a result, the City violated El Dorado's rights under the Fair 23 Housing Act of 1968, as amended, 42 U.S.C. § 3604(a) and (b), with each incident constituting a separate violation.

30. El Dorado has been injured, damages and deprived of its rights in sums not yet ascertained. El Dorado will seek leave to amend this complaint to state the actual amount of damage and injury when the same have been ascertained and when City ceases and desists from its continuing, ongoing campaign of wrongful conduct.

31. City should be required to pay a civil penalty and or punitive damages to the government of the United States for each instance of violation of the Act.

32. El Dorado has no adequate remedy at law because the abridgment of its federal rights by the City is ongoing and ought not to be inflicted as a matter of public

policy and federal law. The FHA authorizes injunctive relief, and extant monetary remedies available are inadequate to remedy the Act violations, for El Dorado, and the damages to be suffered are therefore irreparable in nature and ongoing.

33. El Dorado is therefore entitled, in addition to damages and civil penalties, to declaratory, provisional and permanent injunctive relief to require the City to cease and desist from utilizing the potential or any actual change of the Park from senior to all age status as a basis for delaying, denying or imposing conditions on the subdivision application of El Dorado.

34. El Dorado is entitled to attorney's fees and costs. Retention of counsel was required for the protection of the rights of El Dorado.

**PRAYER FOR RELIEF**

1. Compensatory, General, Special, and Punitive Damages in an amount to make Plaintiff whole, to be determined at trial;

2. For temporary, provisional and permanent injunctive relief against the consideration or reliance by the City on an actual or potential change from senior to all age status in the processing of the subdivision application of Plaintiff;

3. For attorney's fees and costs;

4. For interest at the legal rate; and

5. For any other and further relief the court considers proper.

Dated: September 1?, 2011        HART, KING & COLDREN

By: _____
Robert S. Coldren
Mark D. Alpert
Attorneys for Plaintiff,
El Dorado Estates

# REQUEST FOR JURY TRIAL

Plaintiff El Dorado Estates, a California Limited Partnership hereby requests trial by jury in the foregoing matter.

Dated: September 12, 2011          HART, KING & COLDREN

By: /s/ Robert S. Coldren
Robert S. Coldren
Mark D. Alpert
Attorneys for Plaintiff,
El Dorado Estates

COMPLAINT

25383.373/4814-7343-9242v.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

```
CV11- 7562 SJO (RZx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT

El Dorado Estates, a California LImited Partnership )
              *Plaintiff* )
              v. )   Civil Action No. **CV11-07562 SJO (RZx)**
City of Fillmore, a California Municipal Corporation )
and Does 1-30 )
              *Defendant*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    City of Fillmore
    250 Central Avenue
    Fillmore, CA 93015

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
    Mark D. Alpert, Esq.
    Hart, King & Coldren
    200 Sandpointe, Fourth Floor
    Santa Ana, CA 92707

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: SEP 14 2011

ROLLS ROYCE PASCHAL

*Signature of Clerk or Deputy Clerk*

1144


American LegalNet, Inc.
www.FormsWorkFlow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
El Dorado Estates

**DEFENDANTS**
City of Fillmore

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Mark D. Alpert
Hart, King & Coldren
200 Sandpointe, Fourth Floor, Santa Ana, CA 92707

**Attorneys** (If Known)
Charmaine H. Buehner, Esq.
Myers, Widders, Gibson, Jones & Schneider
5425 Everglades Street
Ventura, CA 93003

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ N/A

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☑ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV11-07562 SJO (RZx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

BY FAX

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date September 14 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |